IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE ORTEGA-DUQUE,**
   Petitioner,

v.

**UNITED STATES OF AMERICA,**
   Respondent.

Civil No. 17-1353 (PAD/BJM)
Related to:
   Cr. No. 13-083 (PAD)

## REPORT AND RECOMMENDATION

Jose Ortega-Duque ("Ortega") received a prison sentence of one hundred and thirty-eight months after pleading guilty to two counts of aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119(1), (2), and one count of aiding and abetting in the use and brandishing of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). In March 2017, Ortega moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. The Federal Public Defender submitted a supplemental brief in support. Dkt. 4. The government opposed. Dkt. 21. This matter was referred to me for a report and recommendation. Dkt. 22.

For the reasons set forth below, Ortega's petition should be **DISMISSED.**

## BACKGROUND

In 2013, Ortega pled guilty to two counts of aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119(1), (2), and to aiding and abetting in the use and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Case No. 13-083 (PAD), Dkt. 46. Ortega was sentenced to concurrent terms of fifty-one months' imprisonment for aiding and abetting carjacking and to a consecutive, eighty-seven-month term of imprisonment for aiding and abetting in the use of a firearm. Case No. 13-083 (PAD), Dkt. 58. The court entered judgment on August 12, 2013. Case No. 13-083 (PAD), Dkt. 75. Ortega did not file an appeal.

Ortega filed a § 2255 motion with the District of Puerto Rico on March 10, 2017. Ortega contends that the Supreme Court's *Johnson II* holding should be extended to invalidate the identically-worded residual clause in 18 U.S.C. § 924(c)(3)(B). Dkt. 4 at 5–7. In *Johnson v. United States*, the Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA") void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551, 2562–63 (June 26, 2015) (*Johnson II*). A year later, the Court held that *Johnson II* constituted a new, substantive rule of law that applied retroactively to 18 U.S.C. § 924(e) cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016). Ortega contends that *Johnson II* invalidates the residual clause in § 924(c)(3)(B). He further contends that his conviction under § 924(c) is no longer valid because aiding and abetting carjacking also fails to qualify as a crime of violence under the force clause, subsection (A). Dkt. 4 at 9–12; 18 U.S.C. § 924(c)(3)(A). Ortega argues that, as a result, his conviction and sentence for aiding and abetting in the use of a firearm must be vacated because the predicate crime is not a crime of violence. Dkt. 4 at 9.

## DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(h). To challenge that sentence, a petitioner must file within the statute of limitations, which is one year running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Ortega did not appeal the district court judgment, his conviction became final sixty days after the judgment was handed down, October 11, 2013. 28 U.S.C. § 2107(b) (an appeal must be applied for within sixty days after entry of judgment if the United States is a party). Ortega filed this habeas petition more than three years after this date, well outside the statute of limitations. *See* § 2255(f)(1). Ordinarily, Ortega's motion should be denied on these grounds. See *Lattimore v. Dubois*, 311 F.3d 46 (1st Cir. 2002) (dismissing a habeas petition mailed from prison just one day after expiration of statute of limitations as untimely). Ortega contends, however, that the District of Puerto Rico extended the statute of limitations for the filing of motions under § 2255 and *Johnson* II. *See In re Motions for Relief under 28 U.S.C. § 2255 Pursuant to* Johnson v. United States, Misc. No. 16-196 (ADC) (D.P.R. May 2, 2016).

Be that as it may Ortega's arguments fail on substantive grounds, even assuming, *arguendo*, the petition is timely. Ortega is substantially correct that *Johnson II* set out a new, substantive rule of law when it held the ACCA residual clause unconstitutional. *See Welch*, 136 S. Ct. at 1268 ("*Johnson* is retroactive in cases on collateral review"). But that new rule remains limited in scope. The Supreme Court has extended the same reasoning used in *Johnson* II to invalidate another residual clause on the same grounds but has not extended it any further. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (holding unconstitutionally vague 18 U.S.C. § 16(b) after applying the reasoning in *Johnson II*). Moreover, the First Circuit has declined to address whether the residual clause in § 924(c) is unconstitutionally vague after the *Johnson II* and in *Dimaya* holdings. *See United States v. Cruz-Rivera*, Civil No. 16-1321, 2018 WL 4378173, at *2 (1st Cir. Sept. 14, 2018). Adhering to the constitutional avoidance canon, the First Circuit noted that it need not reach arguments over *Johnson II* breadth because "the force clause encompasses . . . § 2119 convictions." *Id.* at *5.

Section 924(c)(3)(A), the force clause, defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The residual clause, which Ortega challenges, defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Ortega contends that carjacking may be committed without the use of violent force, through intimidation alone. Dkt. 1 at 11–12. The First Circuit confronted this argument in *Cruz-Rivera*, holding that the force clause encompasses carjacking because intimidation may establish "violent force" under S 924(c)(3)(A). *Cruz-Rivera*, 2018 WL 4378173, at *2 (citing *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017)) (finding carjacking indistinguishable from bank robbery, a crime of violence that may be committing through intimidation alone, with regard to the force clause). Carjacking requires the government to prove the perpetrator had "the intent to cause death or serious bodily harm" when taking a motor vehicle "from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119. This additional burden of proof, the First Circuit stated, clearly satisfies the force clause of § 924(c). *Cruz-Rivera*, 2018 WL 4378173, at *2. This district has consistently held the same. *Santana-Vasquez v. United States*, Civil No. 17-1771, 2018 WL 5311381 (D.P.R. Oct. 24, 2018); *Echevarría-Pacheco v. United States*, Civil No. 17-1269, 2018 WL 4676945 (D.P.R. Sept. 26, 2018); *Cruz-Arboleda v. United States*, Civil No. 16-2216, 2018 WL 3031480 (D.P.R. June 14, 2018) *appeal docketed*, Civil No. 18-1680 (1st Cir. Jul. 25, 2018); *United States v. Ramos-Torres*, Crim. No. 15-109, 2016 WL 11372489 (D.P.R. Jan. 12, 2016). Therefore, regardless of whether *Johnson II* invalidates the residual clause, Ortega's convictions remain valid under the force clause.

Under federal law, "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b). Because carjacking is a crime of violence, aiding and

abetting carjacking is also a crime of violence. *Cruz-Rivera*, 2018 WL 4378173, at *3; *Cruz-Arboleda*, 2018 WL 3031480, at *3 (holding aiding and abetting carjacking to be a crime of violence in and of itself). Ortega pled guilty to aiding and abetting carjacking, so, before the law, he is indistinguishable from the principal with regard to culpability. *Cruz-Arboleda*, 2018 WL 3031480, at *3 (citing *United States v. Mitchell*, 23 F.3d 1, 3 (1st Cir. 1994)).

## CONCLUSION

For the foregoing reasons, the petition should be **DISMISSED.**

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**
In San Juan, Puerto Rico, this 7th day of November, 2018.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge